# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00073-JHM

MARCHMOND COTTRELL                                                       PLAINTIFF

v.

RICK CLEMONS, SHERIFF OF GRAYSON COUNTY, KENTUCKY
AND TERRY BLANTON                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Defendant, Rick Clemons, sheriff of Grayson County, Kentucky, and Terry Blanton, former detective and deputy of Grayson County, Kentucky, in their individual and official capacities, for summary judgment. [DN 9, DN 10]. Fully briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On September 22, 2011, Plaintiff was arrested by Defendant, Terry Blanton, a former detective and deputy with the Grayson County Sheriff's Office, after a confidential informant allegedly purchased marijuana from Plaintiff. Plaintiff alleges that during the search of Plaintiff's property prior to his arrest on September 22, 2011, he overheard Blanton and a second Grayson County Sheriff's Deputy "joking about the fact that it was their intention to keep the Plaintiff's property for [their] personal gain." (Complaint ¶14.) Plaintiff claims that Blanton took a large amount of the Plaintiff's personal property including cash, jewelry, family heirlooms, and antiques belonging to Plaintiff. Plaintiff contends that the property was never entered into the evidence log, and it has not been returned to Plaintiff.

Plaintiff alleges that during the period in question Blanton was engaged in criminal activity, including theft of controlled substances from the evidence locker at the Grayson County Sheriff's Department, attempts to solicit undercover informants to engage in theft, and engaging in sexual relationships with confidential informants. In 2012, Blanton was indicted for theft of a controlled substance, trafficking in a controlled substance, and hindering prosecution or apprehension of a fugitive.

According to Plaintiff, during the pendency of his criminal case, the evidence bag that allegedly contained evidence against him was allowed to be in the possession of undercover informants acting pursuant to Blanton's directives. Plaintiff further alleges that prior to Plaintiff's entry of a guilty plea on April 17, 2012, "the Grayson County Sheriff was informed by Detective Blanton that evidence in the Plaintiff's case had been 'lost' and could not be located." (Complaint ¶ 20.) The record does not reflect that the judgment and sentence on the plea of guilty has been set aside. In fact, in a motion for extension of time, Plaintiff indicated that his counsel had filed a motion to vacate the Defendant's guilty plea pursuant to Ky. R. Civ. P. 60.02.

On June 20, 2013, Plaintiff filed suit against Rick Clemons, sheriff of Grayson County, Kentucky, and Terry Blanton, in their individual and official capacities. Plaintiff alleges claims against both Defendants for violations of his Fourth, Fifth, and Sixth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff also asserts state law claims for conversion, false imprisonment, and outrage against Defendant, Terry Blanton. A review of the scheduling order reflects that the parties have made their initial disclosures, and the pretrial discovery deadline is set for October 1, 2014. Defendants now move for summary judgment related to Plaintiff's Fourth Amendment § 1983 claims arguing that the claims against them are time barred.

### III. DISCUSSION

Initially, Defendant, Rick Clemons, states in his motion for summary judgment that "Plaintiff only alleges violation of his Fourth Amendment rights, pursuant to 42 U.S.C. §1983." (Clemons' Memorandum in Support of Motion for Summary Judgment, 1.) However, a review of the complaint reflects that Plaintiff has alleged that Clemons "violated Mr. Cottrell's rights pursuant to the Fifth and Sixth Amendments of the United States when he failed to disclose that evidence was not in the evidence locker and perpetrated an active fraud on the Court and

3

Counsel for the Plaintiff by not disclosing this information when it became known to him." (Complaint, ¶ 38; see also id. at ¶21.) Thus, from a review of the complaint, Plaintiff asserts claims against **both** Defendants in their individual and official capacity for violation his Fourth, Fifth, and Sixth Amendment rights, made applicable to the States by the Fourteenth Amendment. Both Defendants Clemons and Blanton move for summary judgment solely on the Plaintiff's Fourth Amendment claim. Thus, the Court will not address the remaining individual capacity federal claims, municipal liability claim, and the state law claims against Blanton.

Plaintiff asserts that his rights were violated under the Fourth Amendment "by an unreasonable seizure of his property, an unreasonable seizure of his person, and an unreasonable and vicious invasion upon the sanctity of the Plaintiff's home." (Complaint ¶ 34.) Defendants maintain that Plaintiff's claims under the Fourth Amendment are barred by the one-year statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990). A § 1983 cause of action for false arrest accrues at the time of the arrest, because a "petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention." Wallace v. Kato, 549 U.S. 384, 388 (2007). Similarly, "[c]laims of illegal search are analogous to claims of false arrest, as a potential plaintiff very often has a complete cause of action even before criminal proceedings commence." Hornback v. Lexington-Fayette Urban County, Government, 2013 WL 5544580, *2 (6th Cir. Oct. 8, 2013). Plaintiff alleges that he was arrested and his property seized on September 22, 2011. Thus, Plaintiff "had a colorable claim for the violation of his Fourth and

Fourteenth Amendment rights on the day of the search [and seizure of his person and property], and the statute of limitations began to run on that date." Id.

Plaintiff argues that the statute of limitations for his Fourth Amendment claims against the Defendants is tolled under the doctrine of fraudulent concealment. Plaintiff relies on KRS § 413.090(2) which codifies the doctrine of fraudulent concealment, providing that the statute of limitations may be tolled where a defendant "by any other indirect means obstructs the prosecution of the action[.]" KRS § 413.190(2). To establish equitable tolling under a fraudulent concealment theory, a plaintiff must prove "'(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 745 n. 1 (6th Cir.1992) (quoting Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir. 1975)). See also Gilley v. Board of Educ. of Trimble County, Ky., 2013 WL 3154130, *4 (E.D. Ky. June 19, 2013); Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993) ("Obstruction might also occur where a defendant conceals a plaintiff's cause of action so that it could not be discovered by the exercise of ordinary diligence on the plaintiff's part."). In the present case, the Plaintiff's complaint demonstrates that he was aware of the arrest and seizure of his property on September 22, 2011. Thus, despite Plaintiff's argument to the contrary, the record does not support tolling of the statute of limitations pursuant to KRS § 413.090(2).

For these reasons, the Court finds that Plaintiff failed to file his § 1983 Fourth Amendment claims within the one year statute of limitations period set forth in KRS § 411.140; therefore, his Fourth Amendment claims must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the motions by Defendant, Rick Clemons and Terry Blanton, in their individual and official capacities, for summary judgment [DN 9, DN 10] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's § 1983 Fourth Amendment claims against Defendant Clemons and Blanton are dismissed. All other claims remain.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

January 15, 2014