UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13-CV-00073-JHM

MARCHMOND COTTRELL                                                                           PLAINTIFF

V.

RICK CLEMONS
TERRY BLANTON                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions for Summary Judgment. [DN 26, DN 27]. Having been fully briefed, the motions are ripe for decision.

### I. BACKGROUND

On September 22, 2011, Plaintiff was arrested by Defendant, Terry Blanton, a former detective and deputy with the Grayson County Sheriff's Office, after a confidential informant allegedly purchased marijuana from Plaintiff. He was charged with two counts of Trafficking in Marijuana and one count of Trafficking in a Controlled Substance. He pled guilty to amended charges on April 17, 2012.

Subsequent to his guilty plea, Plaintiff's counsel learned of an investigation into alleged criminal activity on the part of Detective Blanton, including theft of controlled substances from the evidence locker at the Grayson County Sheriff's Department, attempts to solicit undercover informants to engage in theft, and engaging in sexual relationships with confidential informants. In 2012, Blanton was indicted for theft of a controlled substance, trafficking in a controlled substance, and hindering prosecution or apprehension of a fugitive.

Plaintiff's counsel sought an order from the Grayson Circuit Court allowing him access to the discovery in Detective Blanton's criminal case. The order was entered on February 22,

2013, and the discovery revealed a police report prepared by Kentucky State Police Detective Larry Walker.  According to the report, when Detective Walker interviewed Sheriff Clemons, he was told that Clemons had been informed by Blanton, prior to Plaintiff's guilty plea, that there was evidence missing related to Plaintiff's case.  This information was never relayed to the Plaintiff.  Plaintiff sought to have his conviction overturned because this "exculpatory" information was not disclosed to him.  He was successful.

On June 20, 2013, Plaintiff filed suit against Rick Clemons, Sheriff of Grayson County, Kentucky, and Terry Blanton, in their individual and official capacities.  Plaintiff alleges claims against both Defendants for violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  Plaintiff also asserts state law claims for conversion, false imprisonment, and outrage against Defendant, Terry Blanton.

The Defendants moved for summary judgment on Plaintiffs' Fourth Amendment claims based on the statute of limitations.  The Court granted the motion and dismissed those claims. Now Defendants Blanton and Clemons seek summary judgment on Plaintiff's remaining federal claims on the same statute of limitations grounds.[1]  Alternatively, Defendants assert that they each fulfilled their obligations under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a

---

[1] It should be noted that the Plaintiff has asserted various state law claims against Defendant Blanton and this opinion does not address those.

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed.R.Civ.P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

The Court will first address the statute of limitations issue. The statute of limitations for a 42 U.S.C. § 1983 action is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one year statute of limitations found in KRS § 413.140(1). Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990). Furthermore, the "statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff maintains that his remaining federal claims are not time barred because his claims were not immediately discoverable, unlike his Fourth Amendment claims.[2] Plaintiff asserts that it was not until he discovered there was missing evidence in his case that he knew that his rights had been violated and who had violated them. He filed this action within one year of that discovery. In order to trigger the running of the statute of limitations, a Plaintiff must know, or in the exercise of reasonable diligence should know, that he has been wronged and by whom the wrong was committed. <u>Wilson v Paine</u>, 288 S.W.3d 284, 286 (Ky. 2009). The discovery rule does not toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or misrepresentation of some sort. A person who has knowledge of an injury is put on notice to investigate and discover the identity of the wrongdoer. <u>Fluke Corp. v. LeMaster</u>, 306 S.W.3d 55, 60 n.7 (Ky. 2010).

In this case, Plaintiff asserts that he first discovered he had been harmed, and by whom, on February 22, 2013, when he was granted access to the discovery in Defendant Blanton's criminal case. The Defendants assert that the Plaintiff did not exercise due diligence because his counsel could have, and should have, physically inspected the evidence locker before the Defendant pleaded guilty, and if he had done so, the missing evidence would have been discovered. While the Court might be inclined to find that there was no reason for counsel to attempt to determine, immediately prior to the plea, that the evidence the state had seized was still in the evidence locker, reasonable minds could differ here. Therefore, this is a question for the jury. <u>Lipsteuer v. CSX Transp., Inc.</u>, 37 S.W.3d 732, 737 (Ky. 2000).

Both Defendants Clemons and Blanton also seek summary judgment by asserting that their <u>Brady</u> obligation was fulfilled when the Commonwealth Attorney was told, prior to the

---

[2] The remaining claims, although asserted as various violations of the Fifth, Sixth and Fourteenth, are simply a Brady violation claim, which is a claim for violation of procedural due process claim under the Fourteenth Amendment. <u>Brady</u>, 373 U.S. at 86.

entry of the Plaintiff's guilty plea, that there was evidence missing in the case. The Sixth Circuit has held, "police can commit a constitutional deprivation analogous to that recognized in Brady by withholding or suppressing exculpatory material." Moldowan v. City of Warren, 578 F.3d 351, 379 (6th. Cir. 2009). The law is settled in the Sixth Circuit, a police officer only has a duty to inform the prosecution of exculpatory evidence, an officer does not have a duty to inform the defendant or his counsel of said evidence. Id. at 388.

> But while a police officer's concealment of material exculpatory information may ultimately result in a Brady violation, the role that a police officer plays in carrying out the prosecution's Brady obligations is distinct from that of a prosecutor. "Police officers do not disclose evidence to criminal defendants directly." Instead, police officers fulfill their Brady obligations as long as they "inform the prosecutor about evidence that undermine[s] the state's preferred theory of the crime."

D'Ambrosio v. Marino, 747 F.3d 378, 389 (6th Cir. 2014) (citations omitted).

In his complaint, Plaintiff asserts that Detective Blanton made Sheriff Clemons aware of missing evidence concerning Plaintiff's criminal case before Plaintiff pled guilty to criminal charges. Furthermore, Plaintiff claims that Sheriff Clemons failed to notify the prosecution of the missing evidence in violation of Brady. In both interview notes and in sworn testimony before the Grayson County Circuit Court, Detective Walker claims that Sheriff Clemons stated that he did know, before Plaintiff pled guilty, that evidence was missing. However, Sheriff Clemons stated, in his sworn affidavit, that at no time before the Plaintiff pled guilty did he know of any missing evidence. Furthermore, Sheriff Clemons argues that even if he were made aware by Detective Blanton that evidence was missing, there was no Brady violation because Detective Blanton made the Commonwealth's Attorney aware of the missing evidence. (Answer of Terry Blanton, ¶ 20). Additionally, Sheriff Clemons argues that Cottrell's CR 60.02 hearing held before the Grayson County Circuit Court, corroborates Sheriff Clemons' version of events and

proves that the prosecution was aware that evidence was missing in Cottrell's case. However, the Court has reviewed the video of the CR 60.02 hearing and it does not conclusively show that the prosecution was aware of the exculpatory evidence. These conflicting accounts create sufficient questions of material fact to deny Defendant Clemons' summary judgment motion.

Likewise, there are issues of fact regarding whether Defendant Blanton fulfilled his Brady obligations. Plaintiff's complaint alleges that before Plaintiff pled guilty, Detective Blanton discovered that evidence was missing. Furthermore, Plaintiff claims that Detective Blanton disclosed that evidence was missing to Sheriff Clemons but failed to inform the prosecution. As a result of failing to disclose evidence was missing to the prosecution, Plaintiff asserts that a Brady violation occurred. Detective Blanton rebuts the Plaintiff's version of events in his answer. Detective Blanton claims that he informed the Commonwealth's Attorney about the missing evidence, not Sheriff Clemons, thereby discharging Detective Blanton from any Brady liability. Again, the different versions put forth by the parties create significant questions of material fact that a jury must decide. Therefore, the Court denies the motions for summary judgment.

However, in reviewing this matter, the Court found a case which may impact this case significantly. Recently, the Sixth Circuit had the opportunity to address the issue of qualified immunity in the context of a failure to disclose exculpatory evidence to a defendant before a plea deal. Robertson v. Lucas, 2014 WL 2198419 (6th Cir. May 28, 2014). The Sixth Circuit held

> Accordingly, we hold that appellees were under no clearly established obligation to disclose exculpatory Brady material to the prosecutors in time to be put to effective use in plea bargaining. We do not decide whether appellants have a constitutional right to receive exculpatory Brady material from law enforcement prior to entering into a plea agreement.

Lucas, 2014 WL 2198419, at *12.

Therefore, on August 11, 2014, the Court would like simultaneous briefs filed on the issue of whether the Defendants are entitled to qualified immunity under the facts of this case considering the holding of Robertson v. Lucas. Simultaneous responses shall be filed on August 22, 2014. There will be no replies.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment are **DENIED**. [DN 26, DN 27]


CC: Counsel of record